IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2020-D

| | |
|---|---|
| TERICKUS JAMICIO ASBURY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WARDEN LYNNE B. KELLY, ) | |
| ) | |
| Respondent. ) | |

Terickus Jamicio Asbury ("Asbury"), a federal inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See [D.E. 1, 4]. On April 17, 2025, respondent moved for summary judgment [D.E. 8] and filed a memorandum in support [D.E. 9], a statement of material facts [D.E. 10], and an appendix [D.E. 11]. The court notified Asbury about the motion, the consequences of failing to respond, and the response deadline [D.E. 12]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On June 13, 2025, Asbury responded in opposition [D.E. 15] and filed a statement of material facts [D.E. 16], and an appendix [D.E. 17]. The court grants Asbury's motion to supplement his petition with an additional exhibit [D.E. 18]. As explained below, the court grants respondent's motion for summary judgment and dismisses the petition.

I.

Asbury is incarcerated at the Federal Correctional Institution II in Butner, North Carolina ("Butner"), serving a sentence of 151 months. See Resp't Statement of Material Facts ("RSMF") [D.E. 10] ¶ 1; Pet'r Statement of Material Facts ("PSMF") [D.E. 16] ¶ 1. Asbury's projected

release date, including good conduct time, is September 4, 2031. See RSMF ¶ 2; PSMF ¶ 2; BOP Inmate Locator, bop.gov/inmateloc/ (search by inmate number 22685-509) (last visited Nov. 17, 2025). "As of April 1, 2025, [Asbury] has earned 365 days of First Step Act time credits toward early release, and 45 days of FSA time credits towards halfway house or home confinement placement." RSMF ¶ 3; see PSMF ¶ 3.

"The BOP has assessed [Asbury]'s risk level using the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) system multiple times. Each time since November 2021, [Asbury] has been assessed as a High Recidivism Risk Level." RSMF ¶ 4. On March 18, 2025, shortly after filing this petition, Asbury again received a "high" PATTERN score. See RSMF ¶ 5; cf. PSMF ¶ 4 (contending that in June 2025 Asbury was likely eligible for a "medium" PATTERN score). "As a High Risk Recidivism Level inmate, [Asbury] can accrue FSA time credits but cannot apply them to his sentence until he reaches a Low or Minimum Recidivism Risk Level." RSMF ¶ 7. Asbury can apply for reconsideration to the warden. See PSMF ¶¶ 7–8; 18 U.S.C. § 3624(g)(1)(D)(i)(II).

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587

2

(1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Scott v. Harris, 550 U.S. 372, 378 (2007).

Generally, the BOP will not apply Asbury's earned FSA time credits "until he has shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk." Sanders v. Barraza, No. 3:23-CV-191, 2023 WL 2925176, at *2 (M.D. Pa. Mar. 3, 2023) (unpublished) (cleaned up); see 18 U.S.C. § 3624(g)(1)(B); Gadsden v. Joseph, No. 0:23-CV-2065, 2023 WL 8006375, at *2 (D.S.C. Oct. 27, 2023) (unpublished), report and recommendation adopted, 2023 WL 8005872 (D.S.C. Nov. 17, 2023) (unpublished); King v. Joseph, No. 2:23-CV-01847, 2023 WL 6626630, at *4 (D.S.C. Sept. 14, 2023) (unpublished), report and recommendation adopted, 2023 WL 6626160 (D.S.C. Oct. 11, 2023) (unpublished); Compton v. Brown, No. 5:23-CV-237, 2023 WL 5767323, at *3–4 (N.D. W. Va. Aug. 18, 2023) (unpublished), report and recommendation adopted, 2023 WL 5751435 (N.D. W. Va. Sept. 6, 2023) (unpublished); Casellas v. FCI-Mendota, No. 1:23-CV-49, 2023 WL 4535030, at *2 (E.D. Cal. July 13, 2023) (unpublished). Assuming without deciding that Asbury's current PATTERN score is a "medium" rather than a "high" does not alter this conclusion. See Gadsden, 2023 WL 8006375, at *3; King, 2023 WL 6626630, at *5; Compton, 2023 WL 5767323, at *4; Casellas, 2023 WL 4535030, at *2; Sanders, 2023 WL 2925176, at *2. Moreover, calculating Asbury's recidivism risk score "is solely within the discretion of the BOP." Doran v. FCI-Herlong, No. 2:22-CV-2040, 2023 WL 6314241, at *3 (E.D. Cal. Sept. 28, 2023) (unpublished); see, e.g., Hicks v. Heckard, No. 5:23-CV-581, 2024 WL 833190, at *6 (S.D. W. Va. Feb. 1, 2024)

3

(unpublished), report and recommendation adopted, 2024 WL 818472 (S.D. W. Va. Feb. 27, 2024) (unpublished); Newell v. Fikes, No. 2:22-CV-53, 2023 WL 2543092, at *2–3 (S.D. Ga. Feb. 21, 2023) (unpublished), report and recommendation adopted, 2023 WL 2541126 (S.D. Ga. Mar. 16, 2023) (unpublished). "Consequently, [Asbury]'s claim that the BOP is misapplying the First Step Act by not applying his earned time credit . . . is plainly without merit." Gadsden, 2023 WL 8006375, at *3; see King, 2023 WL 6626630, at *5; Compton, 2023 WL 5767323, at *4. Asbury's supplemental exhibit, a June 17, 2025 BOP policy memorandum, does not alter this conclusion. Accordingly, the court grants respondent's motion for summary judgment.

III.

In sum, the court GRANTS petitioner's motion to supplement [D.E. 18] and respondent's motion for summary judgment [D.E. 8], DISMISSES petitioner's application for a writ of habeas corpus [D.E. 1, 4], and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001). The clerk shall close the case.

SO ORDERED. This 17 day of November, 2025.

JAMES C. DEVER III
United States District Judge